**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MAKENNA TADDY, | No. 4:26-CV-00574 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| GET AIR STATE COLLEGE, LLC individually and d/b/a GET AIR TRAMPOLINE PARK; GET AIR FRANCHISE, INC., individually and d/b/a GET AIR SPORTS; TRAMPOLINE PARKS LLC; GET AIR MANAGEMENT, INC., | |
| Defendants. | |

**MEMORANDUM OPINION**

**JULY 28, 2026**

## I.   BACKGROUND

In March 2024, Plaintiff Makenna Taddy filed a one-count complaint against Defendants, Get Air State College, LLC, Get Air Franchise Inc., Trampoline Parks, LLC, and Get Air Management, Inc. (collectively, "Defendants") in the Court of Common Pleas of Dauphin County, Pennsylvania. On March 9, 2026, Defendant removed the case to this Court on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332.[1] Under 28 U.S.C. § 1332, this Court has subject matter jurisdiction over this case, and therefore removal is appropriate.[2]

---

[1]   *See* Doc. 1.
[2]   28 U.S.C. § 1332.

On March 13, 2026, Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The motion is now ripe for disposition; for the reasons that follow, it is denied.

## II. DISCUSSION

### A. Motion to Dismiss Standard

Under Federal Rule of Civil Procedure 12(b)(6), courts dismiss a complaint, in whole or in part, if the plaintiff fails to "state a claim upon which relief can be granted." Following the landmark decisions of *Bell Atlantic Corp. v. Twombly*[3] and *Ashcroft v. Iqbal*,[4] "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[5] The United States Court of Appeals for the Third Circuit has instructed that "[u]nder the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps": (1) "take note of the elements the plaintiff must plead to state a claim"; (2) "identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth"; and (3) "assume the[] veracity" of all "well-pleaded factual allegations" and then "determine whether they plausibly give rise to an entitlement to relief."[6]

---

[3] 550 U.S. 544 (2007).
[4] 556 U.S. 662 (2009).
[5] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).
[6] *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal quotations and citations omitted).

## B.    Facts Alleged in the Complaint

The facts alleged in the complaint, which this Court must accept as true for the purposes of this motion, are as follows.

On March 22, 2024, Plaintiff was twenty-one years old and visited Get Air State College, a trampoline park located at 2252 East College Avenue in State College, Pennsylvania, as a paying customer.[7] Plaintiff utilized several attractions within the facility, including a foam pit that patrons accessed by jumping from an adjacent trampoline.[8] According to the Complaint, Defendants marketed the foam pit as an attraction that allowed patrons to "jump into the air and fly into a giant pile of foam" and encouraged guests to use the trampoline to "get[] big air" before landing in the pit.[9]

Plaintiff alleges that after jumping from the trampoline into the foam pit, she struck either the floor or another hard obstruction beneath the foam.[10] As a result, Plaintiff allegedly sustained compression fractures to her T3 and T4 vertebrae.[11] Plaintiff further alleges that the foam pit was approximately two feet deep and failed

---

[7]    Doc. 1-2 ¶ 22.
[8]    *Id.* ¶¶ 24-25.
[9]    *Id.* ¶¶ 26-28.
[10]    *Id.* ¶¶ 29-30.
[11]    *Id.* ¶ 47.

to comply with ASTM F2970 standards governing trampoline courts, including minimum depth requirements designed to safely absorb impacts.[12]

The Plaintiff alleges that Defendants constructed and maintained the foam pit in violation of applicable safety standards, failed to post warnings identifying the pit's depth, but nevertheless encouraged customers to jump into the pit despite knowing that it presented a dangerous condition.[13] Plaintiff asserts that Defendants' conduct caused her to suffer severe and permanent physical injuries, physical pain and suffering, mental anguish, emotional distress, loss of life's pleasures, medical expenses, and past and future lost earnings and earning capacity.[14] Plaintiff also seeks punitive damages based upon Defendants' alleged reckless and outrageous conduct.[15]

In the instant motion to dismiss, Defendants contend that Plaintiff's claims are barred by a Participation Agreement and Waiver ("Agreement") allegedly executed by Plaintiff's mother on December 7, 2018, when Plaintiff was a minor.[16] Defendants further assert that the Agreement contains a California choice-of-law provision and a mediation and arbitration clause requiring dismissal of this action.[17]

---

[12]   *Id.* ¶¶ 33-34; ASTM refers to ASTM International, which is formerly known as the American Society for Testing and Materials. It is the primary industry safety regulator for the trampoline park industry. F2970 is entitled "Standard Practice for Design, Manufacture, Installation, Operation, Maintenance, Inspection, and Major Modification of Trampoline Courts."

[13]   *Id.* ¶¶ 35, 39.

[14]   *Id.* ¶¶ 47-49.

[15]   *See id.* (Wherefore Clause).

[16]   Doc. 5 at 15-18.

[17]   *Id.* at 15.

Plaintiff opposes the motion, asserting, among other things, that she never executed the Agreement herself and that the purported Agreement was signed by her mother five years before the underlying incident, when Plaintiff was still a minor.[18] Plaintiff further contends that the Agreement is unenforceable against her.[19]

## III.    ANALYSIS

### A.    Choice of Law

Before determining whether Plaintiff is bound by the Agreement or its arbitration provision, this Court must first determine which state's substantive law governs the enforceability of the Agreement.[20] Defendants contend that the Agreement's California choice-of-law provision naturally requires application of California law, whereas Plaintiff argues that Pennsylvania law governs because Pennsylvania has the materially greater interest in the dispute and enforcement of California law would contravene Pennsylvania's fundamental public policy.[21] Under Pennsylvania's choice-of-law rules, this Court agrees that Pennsylvania law governs the enforceability of the Participation Agreement.

---

[18]    Doc 6. at 2-3.
[19]    *Id.*
[20]    *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *Kruzits v. Okuma Mach. Tool, Inc.*, 40 F.3d 52, 55 (3d Cir. 1994); *Gay v. CreditInform*, 511 F.3d 369, 389 (3d Cir. 2007).
[21]    Doc. 5 at 15-18; Doc. 6 at 4-10; Doc. 7 at 8-12.

### 1. Pennsylvania Applies Section 187 of the Restatement (Second) of Conflict of Laws

Because this action is before this Court pursuant to its diversity jurisdiction under 28 U.S.C. § 1332, the Court applies the substantive law of Pennsylvania, including Pennsylvania's choice-of-law rules.[22] Pennsylvania has adopted Section 187 of the Restatement (Second) of Conflict of Laws to determine whether a contractual choice-of-law provision should be enforced.[23]

Under Section 187, the law chosen by the parties generally governs unless either "(a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice," or "(b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which" would otherwise supply the applicable law.[24]

Accordingly, the Court must determine whether the Participation Agreement's California choice-of-law provision is enforceable under Section 187.

---

[22] *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *Berg Chilling Sys., Inc. v. Hull Corp.*, 435 F.3d 455, 462 (3d Cir. 2006).

[23] *Kruzits v. Okuma Mach. Tool, Inc.*, 40 F.3d 52, 55 (3d Cir. 1994); *Gay v. CreditInform*, 511 F.3d 369, 389 (3d Cir. 2007).

[24] Restatement (Second) of Conflict of Laws § 187(2) (1971).

**2.    Even Assuming California Bears a Substantial Relationship to the Parties, Section 187(2)(b) Requires Application of Pennsylvania Law**

Defendants argue that the Agreement's California choice-of-law provision is enforceable because California bears a substantial relationship to the parties.[25] Specifically, Defendants contend that Get Air State College, LLC is a citizen of California through one of its members and that several of Defendants' earliest facilities were located in California.[26]

Plaintiff responds that California's connection to this dispute is minimal because Plaintiff is a Pennsylvania resident, the trampoline park is located in Pennsylvania, the alleged negligence occurred in Pennsylvania, and Plaintiff's injuries were sustained in Pennsylvania. Plaintiff further argues that Pennsylvania's strong public policy protecting minors precludes enforcement of the California choice-of-law provision.[27]

This Court need not decide whether Defendants have established a sufficient relationship between California and the parties under Section 187(2)(a). Even assuming, without deciding, that California bears a substantial relationship to the parties or the transaction, Pennsylvania law nevertheless governs if application of

---

[25]    Doc. 5 at 17-18.
[26]    Doc. 7 at 8-12.
[27]    Doc. 6 at 4-8.

California law would contravene a fundamental policy of Pennsylvania and Pennsylvania possesses a materially greater interest in the issue presented.[28]

### 3. Pennsylvania Possesses a Materially Greater Interest in the Issue Presented, and Application of California Law Would Contravene Pennsylvania's Fundamental Public Policy

Pennsylvania possesses the materially greater interest in resolving the issue before the Court. Plaintiff is a Pennsylvania resident, and the injuries alleged in the Complaint occurred at Defendants' trampoline park located in State College, Pennsylvania.[29] Plaintiff further alleges that Defendants negligently designed, maintained, and operated the foam pit at that facility, causing Plaintiff's injuries.[30] The alleged tortious conduct, the injury, and the parties' relationship are therefore centered entirely within Pennsylvania.

More importantly, the issue presented is whether a parent may prospectively bind a minor child to a pre-injury liability waiver and arbitration agreement governing future negligence claims. Pennsylvania has unequivocally answered that question in the negative.[31] In *Shultz v. Sky Zone, LLC*, the Pennsylvania Supreme Court held that a parent lacks authority to prospectively release a minor child's negligence claims arising from participation in recreational activities.[32] That court explained that a child's cause of action belongs to the child—not the parent—and

---

[28]   Restatement (Second) of Conflict of Laws § 187(2)(b) (1971); *Gay*, 511 F.3d at 389.
[29]   Doc. 1-2 ¶¶ 22-44.
[30]   *Id.*
[31]   *Shultz v. Sky Zone, LLC*, No. 25 EAP 2023, slip op. at 28-29 (Pa. Sept. 25, 2025).
[32]   *Id.*

that permitting parents to extinguish those claims before an injury occurs would undermine Pennsylvania's longstanding policy of protecting minors' legal rights.[33]

The Pennsylvania Supreme Court reaffirmed that principle in *Santiago v. Philly Trampoline Park, LLC*, holding that a parent likewise lacks authority to bind a minor child to a pre-injury arbitration agreement contained within a recreational liability waiver.[34] Because an agreement to arbitrate derives its force from contract, and because parents lack authority to waive a child's substantive tort claims, the court concluded that parents similarly lack authority to compel arbitration of those claims absent legislative authorization.[35]

Application of California law would permit enforcement of the very type of parental agreement that Pennsylvania has determined is contrary to its public policy.[36] Indeed, Defendants invoke California law because it recognizes parental authority to execute pre-injury waivers on behalf of minor children in circumstances where Pennsylvania does not.[37]

Accordingly, even assuming that California bears a substantial relationship to the parties, application of California law would contravene Pennsylvania's fundamental public policy,[38] and Pennsylvania possesses the materially greater

---

[33]   *Id.*
[34]   343 A.3d 995, 1014 (Pa. 2025).
[35]   *Id.*
[36]   *See id.*
[37]   Doc. 5 at 15-17; Doc. 7 at 8-12.
[38]   *See Shultz*, No. 25 EAP 2023, slip op. at 28-29; *Santiago*, 343 A.3d at 1014.

interest in determining whether Plaintiff is bound by the Participation Agreement. Under Section 187(2)(b) of the Restatement, Pennsylvania law therefore governs the enforceability of the Participation Agreement and its arbitration provision.[39]

### B.    The Participation Agreement Does Not Bar Plaintiff's Claims

Having concluded that Pennsylvania law governs the enforceability of the Agreement, the Court next considers whether Plaintiff is bound by the Agreement executed by her mother in 2018. This Court concludes that Plaintiff is not. Under Pennsylvania law, a parent lacks authority to prospectively waive or compel arbitration of a minor child's future personal injury claims,[40] and Defendants have not demonstrated that Plaintiff independently became bound by the Agreement after reaching the age of majority.[41]

### 1.    Because Plaintiff is Not Bound by the Participation Agreement, She Cannot Be Compelled to Arbitrate Her Claims

The Federal Arbitration Act places "arbitration agreements on an equal footing with other contracts, but it 'does not require parties to arbitrate when they have not agreed to do so.'"[42] Accordingly, before compelling arbitration under the

---

[39]    Restatement (Second) of Conflict of Laws § 187(2)(b) (1971).
[40]    *See Shultz*, No. 25 EAP 2023, slip op. at 28-29; *Santiago*, 343 A.3d at 1014.
[41]    *See* Doc. 5; Doc. 7.
[42]    *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 293 (2002) (quoting *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989)).

FAA, a court must determine whether a valid agreement to arbitrate exists under applicable state contract law.[43]

Here, the Participation Agreement attached to Defendants' motion reflects that it was executed on September 29, 2018, by Plaintiff's mother while Plaintiff was a minor.[44] Plaintiff did not execute the Agreement herself.[45] As explained in above, Pennsylvania law does not permit a parent to prospectively bind a minor child to a pre-injury liability waiver or arbitration agreement.[46] Because Plaintiff was never validly bound by the Agreement, she likewise cannot be compelled to arbitrate her negligence claims pursuant to that Agreement.

### 2.    Defendants Have Not Demonstrated That Plaintiff Ratified the Participation Agreement After Reaching the Age of Majority

Recognizing that Plaintiff did not personally execute the Agreement, Defendants alternatively argue that Plaintiff became bound by the Agreement by continuing to patronize Get Air after reaching the age of majority.[47] Under Pennsylvania law, contracts entered into when the party is a minor are generally voidable by the minor after attaining the age of majority.[48] A former minor may

---

[43]  *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 771-73 (3d Cir. 2013); *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 160 (3d Cir. 2009); *Sandvik AB v. Advent Int'l Corp.*, 220 F.3d 99, 107 (3d Cir. 2000).

[44]  *See* Doc. 5-4.

[45]  *See id.*

[46]  *See Shultz*, No. 25 EAP 2023, slip op. at 28-29; *Santiago*, 343 A.3d at 1014.

[47]  Doc. 5 at 15 (quoting Ex. "B" and stating that "[p]rior to the Incident, [Plaintiff's mother] signed the Waiver on behalf of Plaintiff for 'ALL . . . future visits' to the facility.").

[48]  *Pankas v. Bell*, 198 A.2d 312, 315 (Pa. 1964).

11

ratify such a contract after reaching majority, but ratification requires conduct manifesting an intent to adopt the contractual obligation after the disability of minority has ended.[49]

Those principles do not aid Defendants here. *Pankas v. Bell* involved a contract entered into by the minor himself, which the Pennsylvania Supreme Court held could later be affirmed after the minor reached the age of majority.[50] The case at bar presents a fundamentally different circumstance. Plaintiff never executed the Participation Agreement. Rather, the Agreement was signed exclusively by Plaintiff's mother, who—as explained *supra*—lacked authority under Pennsylvania law to prospectively bind Plaintiff to the Agreement's liability waiver and arbitration provisions.[51]

Moreover, Defendants do not allege that Plaintiff executed a new Participation Agreement after reaching the age of majority or otherwise expressly agreed to adopt the contractual provisions executed by her mother in 2018.[52] Instead, Defendants contend only that Plaintiff's subsequent visits to Get Air rendered the original Agreement enforceable.[53] At the motion to dismiss stage, those assertions are insufficient to establish ratification as a matter of law, and neither the liability

---

[49]   *Id.* at 315-16; *Campbell v. Sears Roebuck & Co.*, 307 Pa. 365, 161 A. 310, 311 (1932) (explaining that ratification may occur through an express promise or conduct clearly recognizing the continuing validity of the contract).
[50]   198 A.2d at 315-16.
[51]   *See Shultz*, No. 25 EAP 2023, slip op. at 28-29; *Santiago*, 343 A.3d at 1014.
[52]   *See* Doc. 5; Doc. 7.
[53]   Doc. 5 at 15.

waiver, arbitration provision, nor California choice-of-law clause bars Plaintiff's claims.

### C.      Plaintiff Has Stated Claims Upon Which Relief May Be Granted

Having concluded that Plaintiff is not bound by the Participation Agreement, the Court next considers whether dismissal under Rule 12(b)(6) is otherwise warranted. Accepting the allegations in the Complaint as true and drawing all reasonable inferences in Plaintiff's favor,[54] the Court concludes that Plaintiff has plausibly alleged negligence and that dismissal of Plaintiff's request for punitive damages is likewise inappropriate at this stage of the proceedings.

### 1.      Plaintiff Has Plausibly Alleged Negligence

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."[55] In considering a motion to dismiss, the Court must accept all well-pleaded factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor.[56]

Plaintiff alleges that she sustained serious injuries while using a foam pit attraction at Defendants' trampoline park.[57] Specifically, Plaintiff alleges that

---

[54]   *See Connelly*, 809 F.3d at 786-87; *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231-33 (3d Cir. 2008) (setting for the standard for dismissal).
[55]   *Iqbal*, 556 U.S. at 678 (quoting. *Twombly*, 550 U.S. at 570).
[56]   Phillips, 515 F.3d at 233; *Connelly*, 809 F.3d at 786-87.
[57]   Doc. 1-2 ¶¶ 22-44.

Defendants improperly designed, maintained, inspected, and operated the foam pit; failed to maintain the premises in a reasonably safe condition; failed to adequately inspect and warn of dangerous conditions; and failed to comply with applicable industry safety standards, including ASTM International Standard F2970 ("ASTM F2970").[58]

Defendants do not contend that Plaintiff has failed to plausibly plead the elements of her negligence claims.[59] Rather, Defendants' motion principally rests upon the assertion that Plaintiff's claims are barred by the Participation Agreement executed by Plaintiff's mother and that Plaintiff must arbitrate those claims pursuant to that Agreement.[60]

For the reasons discussed above, the Court concludes that Plaintiff is not bound by the Participation Agreement under Pennsylvania law. Accordingly, the Participation Agreement does not bar Plaintiff's negligence claims, and Defendants have otherwise failed to establish that dismissal under Rule 12(b)(6) is warranted. Defendants' motion to dismiss Plaintiff's negligence claims is therefore denied.

### 2.      Plaintiff's Request for Punitive Damages Survives Dismissal

Defendants also move to dismiss Plaintiff's request for punitive damages, arguing that the Complaint alleges only ordinary negligence and fails to plead facts

---

[58]   *Id.* ¶¶ 45-46.
[59]   *See* Doc. 5; Doc. 7.
[60]   Doc. 5 at 18; Doc. 7 at 12.

demonstrating willful, wanton, or reckless conduct.[61] Plaintiff responds that the Complaint alleges facts from which a jury could reasonably conclude that Defendants consciously disregarded known safety risks by failing to comply with governing industry safety standards applicable to commercial trampoline parks, including ASTM F2970.[62]

Under Pennsylvania law, punitive damages may be awarded only where the defendant's conduct is outrageous because of the defendant's evil motive or reckless indifference to the rights of others.[63] To establish reckless indifference, a plaintiff must demonstrate that the defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and nevertheless acted, or failed to act, in conscious disregard of that risk.[64] Although punitive damages are an "extreme remedy," whether a defendant's conduct rises to the level necessary to support such damages is ordinarily a question for the factfinder where the pleaded facts could reasonably support an inference of reckless indifference.[65]

Here, Plaintiff alleges more than a mere failure to exercise reasonable care. The complaint alleges that Defendants failed to design, inspect, maintain, and operate the foam pit in accordance with applicable industry safety standards,

---

[61]   Doc. 5 at 19-21.
[62]   Doc. 6 at 8-14.
[63]   *SHV Coal, Inc. v. Cont'l Grain Co.*, 587 A.2d 702, 704 (Pa. 1991).
[64]   *Hutchison ex rel. Hutchison v. Luddy*, 870 A.2d 766, 772 (Pa. 2005).
[65]   *See id.* at 772; *Phillips v. Cricket Lighters*, 883 A.2d 439, 450 (Pa. 2005).

including ASTM F2970, despite operating a commercial trampoline facility where patrons would be exposed to foreseeable risks of serious injury.[66] Plaintiff further alleges that Defendants knew or should have known of the dangerous condition of the foam pit yet continued to operate the attraction without implementing the safeguards required by those standards.[67]

At this stage of the proceedings, the Court must accept Plaintiff's allegations as true and draw all reasonable inferences in Plaintiff's favor.[68] While discovery may ultimately demonstrate that Defendants' conduct amounted only to ordinary negligence, this Court cannot conclude as a matter of law that Plaintiff will be unable to establish reckless indifference. A reasonable jury could conclude that knowingly disregarding applicable industry safety standards governing the design, inspection, maintenance, and operation of a commercial trampoline attraction constitutes willful, wanton, or reckless conduct sufficient to support an award of punitive damages. Accordingly, dismissal of Plaintiff's request for punitive damages at the pleading stage would be inappropriate, and Defendants' motion to dismiss that claim is denied.

---

[66]  Doc. 1-2 at 8-11.
[67]  Doc. 1-2 ¶¶ 37-44.
[68]  *Connelly*, 809 F.3d at 786-87.

## IV.    CONCLUSION

This Court concludes that there is insufficient evidence to establish that Plaintiff is bound to the Agreement signed by her mother in 2018, and therefore, at this time, she cannot be compelled to arbitrate by the Agreement's terms. Further, Plaintiff pleads a plausible negligence claim and dismissal of her punitive damages claim is inappropriate. Defendants' motion to dismiss pursuant to Rule 12(b)(6) is denied.

An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

17